Christian A. Torimino, WSBA #52927
Trial Attorney
U.S. Department of Justice
Office of the United States Trustee
1220 SW 3rd Ave, Room 315
Portland, OR 97204
Telephone Number: (202) 306-4948
Email: christian.torimino@usdoj.gov

Attorney for Gregory M. Garvin,
Acting United States Trustee for Region 18

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>DH Parker Properties, LLC,<br><br>        Debtor-in-possession. | Case No. 22-30979-pcm11<br><br>**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR-IN-POSSESSION'S APPLICATION TO EMPLOY BANKRUPTCY COUNSEL (MOTSCHENBACHER & BLATTNER)** |

## UNITED STATES TRUSTEE'S OBJECTION

Gregory M. Garvin, Acting United States Trustee for Region 18 (the "U.S. Trustee"), by and through his undersigned counsel, objects to DH Parker Properties, LLC's ("Debtor") Application to Employ Nicholas Henderson of the Motschenbacher & Blattner, LLP (the "Firm") as DIP counsel (ECF No. 11) (the "Application").

## MEMORANDUM IN SUPPORT OF OBJECTION

### The Firm's "Premium Rates" are Excessive

The Application and attached fee agreement states that, due to Debtor's inability to provide a retainer deposit, the Debtor must pay "premium hourly rates" for "cases entailing

**Page 1 – UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR-IN-POSSESSION'S APPLICATION TO EMPLOY BANKRUPTCY COUNSEL (MOTSCHENBACHER & BLATTNER)**

additional risk or difficulty in the engagement process." The "premium rates" are as follows:

| NAME | RATE |
|---|---|
| Nicholas J. Henderson | $650.00/hr |
| Alexander C. Trauman | $600.00/hr |
| Troy G. Sexton | $500.00/hr |
| Sean Glinka | $400.00/hr |
| Jeremy Tolchin | $400.00/hr |
| Bankruptcy Assistants | $180.00/hr |
| Legal Assistants | $80.00-175.00/hr |

For comparison, the attorney rates are approximately 33%-43% higher than those charged by this same firm in a chapter 11 case filed approximately three months before this case. See In re Guildworks, LLC, Case No. 22-30388-thp11 ECF Doc. No. 11 p. 4.[1]

The Court should not approve the Application with the exorbitant rates it contains. The purpose of the rule requiring prior court authorization of a professional's appointment is to eliminate volunteerism and thus aid the court in controlling estate administrative expenses. In re Haley, 950 F.2d 588, 590 (9th Cir. 1991). "At least one court has held that the court's discretion and consideration of good reason for disapproval are not limited to determinations of disinterestedness." 3 Collier on Bankruptcy P 327.04 (16th 2022), citing In re Kurtzman, 220 B.R. 538 (S.D.N.Y. 1998)(denial of employment application due to excessiveness of fee was not abuse of discretion).

Section 328 of the Bankruptcy Code sets forth certain limitations on the compensation

---

[1] The image below is a screenshot of the Firm's hourly rates in the employment application in that case. The U.S. Trustee is not agreeing that the rates set out in the Guildworks employment application are reasonable; rather, they are being used to demonstrate that the "premium rates" in this case are unreasonable.

| Name | Status | Hourly Rate |
|---|---|---|
| Nicholas J. Henderson | Partner | $455.00 |
| Troy G. Sexton | Associate | $375.00 |
| Legal Assistants and Paralegals | Legal Assistant | $80.00 to $175.00 |

**Page 2 – UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR-IN-POSSESSION'S APPLICATION TO EMPLOY BANKRUPTCY COUNSEL (MOTSCHENBACHER & BLATTNER)**

allowable to professionals employed under § 327. Specifically, the debtor may, "with the court's approval," employ a professional person under § 327 "on **any reasonable terms** and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). The Bankruptcy Code sets forth factors that a court should consider in determining the amount of reasonable compensation; those include the "rates charged for such services" and "whether the compensation is reasonable based on the customary compensation charge by comparably skilled practitioners in cases other than cases under this title." 11 U.S.C. § 330(a)(3)(B), (F).

Section 330(a)(3)(F) effectively bars firms from charging a "bankruptcy premium." In order to be "customary" for purposes of determining the reasonableness, the rates should be similar to those negotiated by the Firm with its non-bankruptcy clients. The Firm must therefore affirmatively demonstrate that the rates being charged are consistent with its rates for other engagements. Here, the Application makes it clear that these are not customary rates. The Firm's statement that the lack of a retainer justifies the premium rates should be considered pretextual unless the Firm can show that it regularly charges non-bankruptcy clients 40% more if they cannot afford a retainer. This is particularly true because it is unclear how a retainer would affect the Firm's fees in this case. According to the Application, there are no outstanding pre-petition fees. Any post-petition fees which could be paid from a retainer would be subject to a review for reasonableness under §§ 330-331. The retainer itself would be property of the estate under § 541(a) unless and until the Court approved compensation and would be at risk of being turned over to a trustee if the case were converted to chapter 7.

Regardless of Sections 328(a) and 330(a)(3)(F), the premium rates in the Application are unreasonable. Because schedules have not yet been filed, it is not possible to determine the

**Page 3 – UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR-IN-POSSESSION'S APPLICATION TO EMPLOY BANKRUPTCY COUNSEL (MOTSCHENBACHER & BLATTNER)**

Case 22-30979-pcm11    Doc 21    Filed 07/11/22

extent of the value of Debtor's real estate compared to secured and unsecured claims. The U.S. Trustee reserves any potential additional arguments based upon that information. Generally speaking, a professional's compensation does not only affect the Debtor. It also affects creditors, typically in the form of a dollar-for-dollar reduction in payment on claims. Their interests should be considered in the determination of whether the Application should be granted as-is.

<u>The Court should not Delay a Decision on Reasonableness of the Premium Rates Until a Fee Application is Filed</u>

Unless a professional unambiguously seeks and obtains pre-approval of a fee structure under § 328, its fees are subject to review under § 330. <u>In re Circle K Corp.</u>, 279 F.3d 669, 671 (9th Cir. 2002). Because the Application does not seek pre-approval of the premium rates, approval of the Application does not bar a review of the rates using the "lodestar" method under § 330. <u>In re Eliapo</u>, 468 F.3d 592, 598 (9th Cir. 2006)(lodestar is determined by multiplying the number of hours reasonably expended by a reasonable hourly rate).

However, the Court should address the issue of the premium rates at the employment stage, rather than the fee application stage, for practical and principled reasons. First, addressing the issue at the employment stage will provide clarity going forward, including in evaluating estimated administrative fees in the plan confirmation process. Second. the issue of a firm's ability to charge a premium based on the debtor's ability to afford a retainer is separate from a determination of the reasonableness of a firm's rates under the lodestar analysis; therefore, Court does not need to decide a reasonable lodestar rate at the employment stage in order to reject the notion of 40% premium due to the lack of a retainer.

/ / /

/ / /

**Page 4 – UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR-IN-POSSESSION'S APPLICATION TO EMPLOY BANKRUPTCY COUNSEL (MOTSCHENBACHER & BLATTNER)**

DATED this 11th day of July 2022.

                                        Respectfully submitted,

                                        GREGORY M. GARVIN
                                        Acting United States Trustee for Region 18

                                        /s/ Christian A. Torimino
                                        CHRISTIAN A. TORIMINO
                                        WSBA #52927, Trial Attorney

**Page 5 – UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR-IN-POSSESSION'S APPLICATION TO EMPLOY BANKRUPTCY COUNSEL (MOTSCHENBACHER & BLATTNER)**

Case 22-30979-pcm11    Doc 21    Filed 07/11/22

# CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2022 I served a copy of the foregoing UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR-IN-POSSESSION'S APPLICATION TO EMPLOY BANKRUPTCY COUNSEL (MOTSCHENBACHER & BLATTNER) on all parties included on the Court's CM/ECF electronic service list.

GREGORY M. GARVIN
Acting United States Trustee for Region 18

/s/ Christian A. Torimino
CHRISTIAN A. TORIMINO
WSBA #52927, Trial Attorney